**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MANUEL ALEXANDER FUENTES GUEVARA,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER,

Respondent.

Case No. 26-cv-04149-BAS-DEB

**ORDER:**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**

**(2) DENYING AS MOOT MOTION FOR IMMEDIATE RELEASE (ECF No. 2)**

Petitioner Manuel Alexander Fuentes Guevara is self-represented. On July 20, 2026, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This is Petitioner's third Petition in 2026. (*See Fuentes Guevara v. LaRose*, 26-cv-00342-BAS-DDL (S.D. Cal. filed Jan. 20, 2026) ("First Petition"); *Fuentes Guevara v. LaRose*, 26-cv-03540-BAS-DDL (S.D. Cal. filed June 14, 2026) ("Second Petition).)

In the First Petition, Petitioner was represented by counsel. The Court denied the Petition on February 13, 2026, because Petitioner is subject to a final order of removal, and his removal order is not being executed because Petitioner is trying to reopen his

immigration case. (First Petition, ECF No. 7.) That ruling is on appeal to the Ninth Circuit. (*Id.* at ECF Nos. 9–11.)

In the Second Petition, Petitioner was likewise represented by counsel. The Court denied the Petition on July 1, 2026. (Second Petition, ECF No. 9.) The Court explained:

> For all the reasons stated in this Court's previous order, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). In addition, although Petitioner has now been in custody for more than six months, at this point, the Court does not find that "there is no significant likelihood of removal in the reasonably foreseeable future."
>
> The Government previously presented evidence that an individual can be removed to El Salvador in two to three days. The only reason Petitioner has not been removed is because he moved to reopen his removal proceedings and then, because that motion to reopen was denied, he appealed the denial. At this point, the Court finds his removal is likely in the reasonably foreseeable future. Of course, if Petitioner obtains a reversal and is able to reopen his removal proceedings, then he will be in a different posture, but until then, the Court finds denial of the Petition is appropriate.

(*Id.* (citations omitted).)

Petitioner now brings this Third Petition a short time later, again raising the same claims as his First and Second Petitions. A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Petition here provides no new information or grounds for relief that were not raised in the First or Second Petitions. Therefore, the Court **DENIES** the Petition. (ECF No. 1.) The Court also **DENIES AS MOOT** the Motion for Immediate release. (ECF No. 2.)

<u>The Clerk of Court shall enter a judgment dismissing this action without prejudice and shall close the case file.</u>

**IT IS SO ORDERED.**

**DATED: July 27, 2026**

[signature]
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**